IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEVIN FOLSE,

    Petitioner

vs.                                                    CIV. No. 22-cv-588-JB/JFR
                                                        CR. No. 15-cr-2485 JB

UNITED STATES OF AMERICA,

    Respondent.

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
REGARDING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE OR CORRECT SENTENCE
BY A PERSON IN FEDERAL CUSTODY

This matter is before the Court on Petitioner Kevin Folse's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, filed on September 15, 2022. CV Doc. 4.[2] United States District Judge James O. Browning referred this case to me to perform legal analysis and recommend an ultimate disposition of the case. CV Doc. 2. Petitioner presents four separate claims, and seeks to vacate and/or reduce his sentence.[3] The United States has responded. CV Doc. 13.

After reviewing the motion and response, as well as the files and records of the case, I can hold an evidentiary hearing to "determine the issues and make findings of fact…" if I have

---

[2] Citations to documents in the habeas proceeding will be "CV Doc. ___", and to those in the underlying criminal case will be "CR Doc. ___".

[3] In addition to his Motion, Petitioner submits a variety of documents that this Court has considered, including: CV Doc. 1: Letter to District Judge Browning; CV Doc. 9: "Amended Petition"; CV Doc. 10: "Motion to Dismiss"; CV Doc. 12: "Amended Petition"; CV Doc. 14, "(Amended Petition) Response to Government"; CV Doc. 15: "Amended Petition"; CV Doc. 16: Amended Petition (Response)"; CV Doc. 17: "Motion to Respond to Government"; CV Doc. 18: "Motion for a Lawyer"; CV Doc. 19: "Declaratory Judgement; Judgement by Default; Summary Judgement [sic]".

any question as to whether the prisoner is entitled to relief.  28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief…").  After reviewing the record in this case, I have determined that an evidentiary hearing is not warranted, as the Motion, files and records in this matter conclusively show that Petitioner is not entitled to relief.  I am comfortable ruling without taking additional testimony or evidence.

As discussed below, I recommend that the Court **DENY** Petitioner's Motion.  Furthermore, I recommend that the Court **DENY** a certificate of appealability and enter judgment accordingly.

**PROCEDURAL BACKGROUND**

On July 14, 2015, a grand jury indicted Petitioner Kevin Folse for the following crimes: Count 1: felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); Count 2: carjacking a silver Saturn, in violation of 18 U.S.C. § 2119; and Count 3:  using, carrying, and brandishing a firearm in relation to and in furtherance of a crime of violence, i.e., carjacking the Saturn, in violation of 18 U.S.C. § 924(c).  *See* CR Doc. 10, Indictment, at 1-2.  On September 9, 2015, a grand jury returned a Superseding Indictment which preserved the original Indictment's three counts and added two new counts: Count 4: carjacking a 2008 Kia Sorrento, in violation of 18 U.S.C. § 2119, and Count 5: using, carrying, and brandishing a firearm in relation to and in furtherance of a crime of violence, i.e., carjacking the Kia Sorrento, in violation of 18 U.S.C. § 924(c).  *See* CR Doc. 31, Superseding Indictment, at 3.  The United States later dismissed Count 5, because it obtained evidence that Petitioner did not use a firearm in the second alleged carjacking.  *See* CR Doc. 83, United States' Unopposed Motion to Dismiss Count Five of the Superseding Indictment.  On October 8, 2015, following a three-day trial, a jury convicted Petitioner on all four remaining counts.  *See* CR Doc. 105, Verdict, at 1.

Petitioner appealed his convictions to the Tenth Circuit Court of Appeals. In his direct appeal, Petitioner argued that (1) there was insufficient evidence to support his conviction for possession of a firearm, (2) the Court's jury instructions omitted the required element that Petitioner knew that he was a felon at the time he possessed the firearm, (3) the jury instruction failed to properly define mens rea to constructively possess a firearm, (4) insufficient evidence was introduced to support the carjacking conviction, and (5) his prior convictions for aggravated battery and possession with intent to distribute marijuana did not qualify as predicate convictions to enhance his sentence. The Tenth Circuit denied these arguments and affirmed Petitioner's convictions and judgment and sentence. *United States v. Folse*, 854 Fed.App'x 276 (2021).

Petitioner timely filed the instant § 2255 motion in which he claims (1) *United States v. Taylor*, 142 S.Ct. 2015 (2022), supports his request for a sentence reduction; (2) jury instructions given by the trial judge were deficient; (3) trial counsel was ineffective for not permitting him to testify; (4) carjacking is no longer a crime of violence. Petitioner also claims that he is entitled to resentencing. *See* CV Doc. 9. By separate motion, Petitioner seeks a dismissal of a state charge. CV Doc. 10.

**ANALYSIS**

Petitioner appears before the Court pro se. When reviewing the record in this case, including Petitioner's Motion and the United States' response as well as all the relevant documents in the underlying criminal case, I am mindful that I must liberally construe a pro se litigant's pleadings and hold them to a less stringent standard than pleadings drafted by an attorney. *Hall v. Bellman*, 935 F.2d 1106 (10th Cir. 1991) (citations omitted); *see United States v. Mora,* 293 F.3d 1213, 1216 (10th Cir. 2002) (applying liberal construction to pro se prisoner's appeal of § 2255 petition); *see also Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) (noting the

3

waiver rule, under which "[a]rguments not clearly made in a party's opening brief are deemed waived," applies even to pro se litigants who "are entitled to liberal construction of their filings"). I have applied that less stringent standard here.

Claim 1:      Whether Petitioner's Sentence Violates *United States v. Taylor*

Petitioner first submits that the Supreme Court's recent opinion in *United States v. Taylor*[4] entitles him to a sentence reduction. The Court discerns Petitioner's argument to be that the Supreme Court in *Taylor* struck down sentencing enhancements imposed pursuant to 18 U.S.C. § 924(c). Petitioner offers little analysis, but claims in conclusory fashion that "[t]he Supreme Court decided he [Taylor] did not deserve the 924(c) enhancement, and I also do not deserve the 924(c) enhancement…" CV Doc. 4 at 23. Petitioner states that the Supreme Court "made a decision that a violent crime does not also give way for an enhancement [pursuant to section] 924(c) to add 10 years to the time already given for a 'crime of violence'. " *Id.* at 61. Petitioner argues that "[t]he Supreme Court said it's ok to sentence Taylor to 240 months but 'not ok' to add the additional 10 years/120 months for a 'crime of violence' ". *Id.* at 61.

For its part, Respondent submits that *Taylor* does not provide relief for Petitioner. Respondent notes that *Taylor* stands for the proposition that, because an attempt crime does not require the prosecution to prove, beyond a reasonable doubt, the use, attempted use or threatened use of force, an attempt crime (as opposed to a completed crime) therefore cannot be used as a predicate crime of violence under section 924(c). CV Doc. 13 at 6. But here, because Petitioner was convicted of a <u>completed</u> offense (i.e. carjacking), Respondent argues that *Taylor* is inapplicable and a § 924(c) enhancement is otherwise appropriate. *Id.*

---

[4] *United States v. Taylor*, ___ U.S.___, 142 S.Ct. 2015 (2022).

The Court's review of *Taylor* confirms that Petitioner's argument is misplaced and *Taylor* does not stand for the broad proposition that Petitioner would like. The defendant in *Taylor* was charged with both a Hobbs Act robbery and a violation of 18 U.S.C. § 924(c), based on the fact that the defendant's accomplice shot a man during the course of the robbery. The defendant faced a maximum of 20 years on the Hobbs Act robbery, and an additional 10 years on the section 924(c) charge. After pleading guilty to the Hobbs Act charge as well as the § 924(c) charge, the defendant was sentenced to 30 years imprisonment. 142 S.Ct. at 2018-19.

In federal habeas proceedings, the defendant in *Taylor* argued that he could not receive the 10 year sentence for the § 924(c) charge, since his guilty plea to the Hobbs Act charge was based on his admission that he attempted to commit, and conspired to commit, Hobbs Act robbery. *Id*. at 2019-20. The defendant argued that neither of these offenses qualify as a "crime of violence" after *United States v. Davis*,[5] which invalidated the residual clause of § 924(c). *Id*. The Supreme Court concluded that, by attempting to commit Hobbs Act robbery, the defendant was not required to have used, attempted to use, or threatened to use physical force against another person or his property. "Simply put, no element of attempted Hobbs Act robbery requires proof that the defendant used, attempted to use, or threatened to use force." *Id*. at 2021. Accordingly, the Court found that Mr. Taylor could be sentenced to a maximum of 20 years for his conviction of attempted Hobbs Act robbery, but that the 10 year sentencing enhancement based on § 924(c) was unauthorized and improper. *Id.*

Here, Petitioner stands convicted of two counts of carjacking, one of which has an associated § 924(c) charge based on Petitioner's using, carrying and brandishing a firearm in

---

[5] 588 U.S. ___, 139 S.Ct. 2319, 204 L.Ed.2d 757 (2019).

relation to and in furtherance of the underlying carjacking.  *See* CR Doc. 31.  Unlike the attempted crime that was the focus of the Supreme Court's attention in *Taylor*, in the present case Petitioner stands convicted of a *completed* carjacking.  As argued by Respondent, this makes a world of difference.  It means that the § 924(c) sentencing enhancement in Petitioner's case was necessarily based on § 924(c)'s elements clause that applies to offenses that "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A); *see* CV Doc. 13 at 6 ("Since [Petitioner] was indicted and convicted of completed offenses, *Taylor* is inapplicable.").  The necessary corollary to Respondent's argument is that the residual clause of § 924(c), which was found unconstitutionally vague in *U.S. v. Davis*,[6] was not at play in Petitioner's case.  The undersigned agrees with this conclusion and concludes that the *Taylor* decision offers no support for Petitioner's attack on his sentence.  Accordingly, the undersigned recommends that the District Judge deny Petitioner's first claim.

Claim 2:     Whether the Court Improperly Instructed The Jury By Failing To Require It Find That Petitioner Knew He Could Not Lawfully Possess A Firearm

Petitioner's second claim is that the trial court did not properly instruct the jury regarding the felon in possession of a firearm charge, in that the Court's jury instruction failed to include the element that Petitioner "knew" that his status as a felon prevented him from possessing a firearm.  Petitioner states that "[w]hen I was on probation or parole I was instructed by the Court not to use alcohol or possess a firearm, but I was off of probation and parole, I did not know a felon in possession was such a serious issue even though the gun was [V.E.'s] not mine…"  CV

---

[6] 139 S.Ct. at 2336.

6

Doc. 4 at 20; 40-41.  Petitioner believes that "recent caselaw in *Rehaif v. U.S.A. (2019)*[7], *Henderson v. U.S.A.* (2015)[8] and *U.S.A. v. Little*, (10th Cir. 2016)"[9] support reversal of this charge.  CV Doc. 4 at 25.

Respondent answers that this matter was argued by Petitioner in his direct appeal, and that the Tenth Circuit concluded that the record reflects ample evidence that Petitioner knew he was a felon when he possessed the firearm.  CV Doc. 13 at 6; *see Folse*, 854 Fed.App'x at 853 ("the fact that Mr. Folse had actually served in two separate time frames significantly more than one year in prison—based on multiple felony convictions—leads us to conclude that Mr. Folse [knew that] he was a convicted felon.") (citation omitted).  Respondent echoes that Petitioner's prior prison sentences negate any plausible argument that Petitioner was unaware that he was a felon.  CV Doc. 13 at 6-7.  Furthermore, Respondent notes that the Tenth Circuit held that Petitioner fails to demonstrate that any *Rehaif* instructional error affected his substantial rights.  *Id.* at 4-5 (citing *Folse*, 854 Fed.App'x at 282).

The undersigned has carefully reviewed the Tenth Circuit's opinion in Petitioner's direct appeal, and notes that the Tenth Circuit specifically addressed Petitioner's *Rehaif*-based

---

[7] *Rehaif v. United States*, 139 S.Ct. 2191, 204 L.Ed.2d 594 (2019) (holding that the prosecution must prove that the defendant *knew* that he belonged to the relevant category of individuals barred from possessing a firearm at the time of the firearm possession).

[8] *Henderson v. United States*, 575 U.S. 622, 135 S.Ct. 1780, 191 L.Ed.2d 874 (2015) (holding that an individual convicted of being a felon in possession of a firearm may direct the transfer of a seized firearm to a third party, provided that the third party would not grant the individual access to the weapon).  *Henderson* observed that constructive possession is established when a person, though lacking such physical custody, still has the power and intent to exercise control over the object.  135 S.Ct. at 1784.

[9] *United States v. Little*, 829 F.3d 1177 (10th Cir. 2016) (noting that *Henderson* changed the law in the Tenth Circuit: "We thus hold that constructive possession exists when a person not in actual possession knowingly has the power and intent at a given time to exercise dominion or control over an object.").  The Tenth Circuit found that the district court's jury instruction omitted the requirement that the defendant intended to exercise control over the weapons, but such error was harmless given the substantial evidence demonstrating that the defendant knew about, and intended to exercise control over, the weapons.  829 F.3d at 1183.

argument. 854 Fed.App'x at 280. The Tenth Circuit noted that the Supreme Court issued *Rehaif* approximately two months *after* Petitioner's convictions, and in the sufficiency of the evidence context, the Tenth Circuit analyzed the law governing felon-in-possession offenses at the time of Petitioner's trial. *Id*. It is true that in the pre-*Rehaif* world, the prosecution was <u>not</u> required to prove that Petitioner knew that he was a felon when he possessed the firearm. *Id*. Given that *Rehaif* was not issued until after Petitioner's trial, Petitioner can't rely on it now, unless it has been deemed retroactive. The Court's research demonstrates that *Rehaif* has not been made retroactive. *See e.g. United State v. Scuderi*, 842 Fed.App'x 304 (10th Cir. 2021) (noting that *Rehaif* has not been made retroactive by the Supreme Court or any Court of Appeals).

Even assuming *Rehaif* were retroactively applicable, Petitioner would still need to prove that the outcome of his criminal trial would have been different. If *Rehaif* applied in October 2015 when Petitioner proceeded to trial, the government would have been required to prove that Petitioner knew he was a felon. *United States v. Aguayo*, 2021 WL 4998920, *2 (10th Cir. 2021) (unpublished) (discussing a habeas petitioner's burden of demonstrating prejudice arising from a *Rehaif* error); *Greer v. United States*, 141 S. Ct. 2090, 2097-98 (2021) ("In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to [show] .... that, but for [a] *Rehaif* error, the outcome of the district court proceedings would have been different."). Given Petitioner's criminal history, this Court is skeptical that that Petitioner could demonstrate prejudice, mainly because "[c]onvicted felons typically know they're convicted felons." *Greer*, 141 S. Ct. at 2098 (internal quotation marks omitted); *see also United States v. Daniels*, 804 F. App'x 944, 946 (10th Cir. 2020) (holding that no reasonable jurist could find it debatable that the petitioner, who had served more than a year of prison time on a felony conviction, knew he had been convicted of a felony). Indeed, the

Supreme Court has indicated that the fact of prior felon-in-possession convictions is "substantial evidence" that a person knew he was a felon when he pled guilty to being a felon in possession of a firearm. *Greer*, 141 S. Ct. at 2097-98. Here, in reviewing Petitioner's *Rehaif*-based claim, the Tenth Circuit concluded on plain error review that, given Petitioner's prior felony convictions and sentences, "there is no chance that the jury would have doubted that on July 2, 2015, Folse knew he was a felon." 854 Fed.App'x at 283. "More to the point, Mr. Folse cannot show that there is a reasonable probability that the result of the proceeding, as it relates to his felon-in-possession charge, would have been different, if the jury had been properly instructed under the *Rehaif* standard." *Id*.

It is abundantly clear, then, that the Tenth Circuit fully considered and rejected Petitioner's argument that the *Rehaif* decision affords him relief, either under a sufficiency of the evidence standard or as an improper jury instruction claim. Because the matter was decided on direct appeal, the Court here may not reconsider that ruling absent changed circumstances. *Hale v. Fox*, 829 F.3d 1162, 1171 (10th Cir. 2016) ("A § 2255 motion is neither a recapitulation of nor a substitute for a direct appeal. Issues that were raised on direct appeal may not be reconsidered on a § 2255 motion absent changed circumstances." (citation omitted)); *United States v. Trent*, 884 F.3d 985, 995-95 (10th Cir. 2018) ("[U]nder the law-of-the-case doctrine, courts ordinarily would refuse to reconsider arguments presented in a § 2255 motion that were raised and adjudicated on direct appeal."). There not being circumstances in Petitioner's case today that are materially different from those at the time of trial, the undersigned recommends that the District Judge deny this claim.

<u>Claim 3:</u>     Whether Petitioner Received Ineffective Assistance Of Counsel Based On The Denial Of His Right To Testify

Petitioner's third claim centers on his argument that his trial lawyer denied Petitioner his right and desire to testify at trial, and in doing so prevented him from testifying. CV Doc. 4 at 14. Petitioner states that "I wanted to testify to the jury that the gun that was thrown out of the car that day, belonged to [V.E.], not me…" *Id.* Petitioner argues that, had he testified at trial, "… this could have had a different outcome…" *Id.* at 14; 62; *see also id.* at 19 ("…if I have a new trial and I testify, and tell the truth that the gun was [V.E.'s] and I never meant to harm or hurt him or anyone, the outcome will 100% be different.").[10]

Respondent answers that under the *Strickland* test[11], Petitioner fails on both prongs. Respondent notes that trial counsel's affidavit disputes that he denied Petitioner's request to testify, and that even if Petitioner were correct that he asked to testify but was denied this right, he can't establish prejudice, i.e. that the outcome of his trial would have been different. CV Doc. 13 at 7-8. Respondent also claims that Petitioner's proposed testimony (i.e. that the gun that was thrown out of the car during the high-speed chase did not belong to Petitioner but to V.E.) was "entirely irrelevant to the facts of the case." *Id.* at 8. Respondent points out that Petitioner did not alert the trial court that he wished to testify or that his attorney was not allowing him to do so, which amounts to a waiver of this claim. *Id.* at 9. Moreover, regarding *Strickland*'s prejudice prong, Respondent points out that the prosecution filed notice before trial that it

---

[10] Petitioner also states that he would have explained to the jury the meaning of the letter that he wrote to trial witnesses, which Petitioner avers was an effort to give the witnesses an option to not be forced by government agents to lie against him at trial. CV Doc. 4 at 26. Petitioner also complains that his appellate attorney never spoke to him to get his opinion before filing the appeal. *Id.* at 17-18. Respondent addresses neither. Because neither of these claims are developed in Petitioner's submissions, they are deemed waived. *Cf. United States v. Cooper*, 654 F.3d 1104, 1128 (10th Cir. 2011) ("It is well-settled that arguments inadequately briefed in the opening brief are waived."). As such, these claims will not be addressed further by the Court.

[11] *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

intended to impeach Petitioner with his prior felony convictions in the event he testified; therefore, according to Respondent, Petitioner "can prove no prejudice because his testimony would have resulted in the jury hearing evidence of his prior convictions." *Id.* at 8.

The Sixth Amendment of the U.S. Constitution guarantees the right to effective assistance of counsel at trial. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). For Petitioner to succeed on his claims of ineffective assistance under § 2255, he must demonstrate both that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." *Id.* at 687-88. For counsel's performance to fall outside the bounds of professional reasonableness, Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. To show prejudice, Petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court "may address the performance and prejudice components in any order, but need not address both if [the defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292–93 (10th Cir. 1998).

To meet this burden, a petitioner's "allegations must be specific and particularized, not general or conclusory." *Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995); *see United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (conclusory allegations are insufficient to support an ineffective assistance of counsel claim.). Then, even if Petitioner can make that showing, he still must show there is a reasonable probability that, but for his counsel's unprofessional errors, the result of his trial would have been different. *See Strickland*, 466 U.S. at 694. To be considered *ineffective* assistance of counsel, "the representation must have been

such as to make the [proceeding] a mockery, sham, or farce, or resulted in the deprivation of constitutional rights." *Lorraine v. United States*, 444 F.2d 1, 2 (10th Cir. 1971). The Court must give considerable deference to an attorney's strategic decisions and "recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690; *United States v. Barrera-Muñoz*, 2013 WL 12142581, at *3 (D.N.M. July 3, 2013*), report and recommendation adopted,* 2013 WL 12140980 (D.N.M. Oct. 8, 2013).

     Here, Respondent submits a sworn affidavit from Petitioner's trial counsel, in which counsel flatly disavows the claim that he somehow prevented Petitioner from testifying. CV Doc. 13-1. Trial counsel states that he never advised Petitioner to not testify, but that it was Petitioner's decision as to whether he testified or not. *Id.* at 1. Trial counsel states that "I told him that if he wanted to testify in his own defense, he had the right to do that and the government and judge could not prevent him from doing so." *Id.* at 2. Trial counsel recalls conversations before and during trial regarding this topic, as well as other evidentiary developments that suggested Petitioner's testimony would not be critical. *Id*. at 2-3, ¶¶ 4-5 (explaining the second § 924(c) charge of the Superseding Indictment was dismissed before trial by the government when it was learned that no gun was used in the second carjacking; counsel used this information to impeach the victim in the first carjacking, thus reducing the need for Petitioner's testimony to sow reasonable doubt as to whether a gun was used in that carjacking). Trial counsel also explained the theory of the defense focused on faulty or shoddy police investigation, and if Petitioner testified at trial he would be subjected to cross-examination about throwing a handgun out of the car (related to the first carjacking event), which would jeopardize the defense's ability to create doubt about the police testimony that Petitioner possessed a firearm. *Id*. at 3, ¶ 6. Trial

counsel also explained that he discussed the fact that, if Petitioner testified, the prosecution could impeach him with evidence of his prior felony convictions, where if Petitioner did not testify the jury would not hear of his criminal history. *Id*. at 4, ¶ 7. Finally, trial counsel swears that "[p]rior to trial and during trial, Mr. Folse informed that he likely did not wish to testify", and that "[o]nce the government rested its case, I confirmed with Mr. Folse that he did not want to testify, and he informed me that he did not wish to testify." *Id*. at 4, ¶¶ 9-10.

The Court has reviewed the record before it and finds that Petitioner was not denied his right to effective assistance of counsel due to being denied his right to testify. While Petitioner may have considered testifying at trial, the Court is convinced that Petitioner elected to remain silent, based on the tangible risks he faced through cross-examination, including the likelihood that the jury would conclude he in fact constructively or actively possessed the firearm, and the fact that the jury would then hear of his prior felony criminal history. Petitioner's proposed testimony centered on his claim that the gun belonged to V.E. and not Petitioner, *see CV* Doc. 4 at 21, 24, which would have further exposed him to cross-examination on his proximity to gun, his knowledge of its presence in the car, the basis behind his understanding that the gun belonged to V.E., as well as his criminal history. Furthermore, trial counsel's sworn affidavit provides a rational and persuasive explanation for why Petitioner would choose not to testify, and that Petitioner actually chose not to testify, because of the damage such testimony would do to his defense that focused on shoddy police investigation and conduct. CV Doc. 13-1 at 3, ¶ 6. Under these circumstances, Petitioner is unable to demonstrate that he suffered prejudice on account of not testifying. The Court concludes that Petitioner did not suffer a violation of his Sixth Amendment right to testify at trial, due to counsel's alleged ineffectiveness. Moreover, because Petitioner never alerted the trial court before or during trial that he was denied his right to testify,

Petitioner has waived any argument that he has suffered a Fifth Amendment Due Process violation. *See e.g. United States v. Williams*, 139 Fed.App'x 974, 976 (10th Cir. 2005) ("When a defendant does not alert the trial court of a disagreement [with his counsel regarding his right to testify], waiver of the right to testify may be inferred from the defendant's conduct." (citing *United States v. Webber*, 208 F.3d 545, 550 (10th Cir. 2000) (internal quotation marks omitted))). Accordingly, the undersigned recommends that the District Judge deny Petitioner's third claim that he was denied his right to testify.

Claim 4:   Whether Carjacking Is No Longer A Crime Of Violence As Per *United States v. Crosby*

In his fourth claim, Petitioner asserts that carjacking no longer qualifies as a violent crime, and therefore he is entitled to be re-sentenced. As authority, Petitioner relies on *United States v. Crosby*, 814 Fed.App'x 431 (10th Cir. 2020). Respondent submits that *Crosby* affirms that a second or successive motion under § 2255 requires the Court's authorization before it can be filed in the district court, but has no bearing on whether carjacking is a crime of violence. Respondent asserts that *Crosby* is inapposite to the instant matter and that federal carjacking, 18 U.S.C. § 2119, remains a crime of violence. CV Doc. 13 at 9 (citing *United States v Brown*, 200 F.3d 700, 706 (10th Cir. 1999)).

The Court has carefully reviewed the *Crosby* decision and concludes there is no basis to support Petitioner's view that carjacking is not a crime of violence. First, *Crosby* confirmed that a district court may not consider a second or successive § 2255 motion in the absence of the circuit court's prior authorization. 814 Fed.App'x at 432. Such authorization may grant when there is newly discovered evidence suggestive of innocence, or when there is a retroactively applicable constitutional decision. *Id.* at 432-33 (citing *Prost v. Anderson*, 636 F.3d 578, 583-84 (10th Cir. 2011)). Neither circumstance presents here. Nowhere in *Crosby* does the Court

14

discuss, let alone mention, the carjacking statute, the requirements of a "crime of violence", or when a crime qualifies, either by sentencing guideline or other statute, as a crime of violence for purposes of § 924(c). Nor does Petitioner explain how *Crosby* furthers his claim. Because *Crosby* simply reviews the requirements for the issuance of a certificate of appealability, the Court finds that decision is inapposite to Petitioner's claim.

Construed liberally, however, Petitioner's attack on his carjacking convictions could be read to suggest that, in 2015, the offense of carjacking by intimidation did not categorically qualify as a crime of violence under section 924(c)(3)(A). Previously, the District Judge in this matter ruled that carjacking was a crime of violence for purposes of qualifying Petitioner as a career offender. *See United States v. Folse*, 301 F.Supp.3d 1037, 1061-65 (D.N.M. 2017). But that decision does not necessarily foreclose the argument that carjacking in 2015, at the time of the underlying conduct, was not a crime of violence under section 924(c) (as opposed to U.S.S.G. ¶ 4B1.1). Accordingly, the Court will address that matter now.

The offense of carjacking occurs when

> [w]hoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation....

18 U.S.C. § 2119. Defendant's argument, again construed liberally, would posit that the offense of carjacking does not categorically qualify as a crime of violence under the "force" or "intimidation" clause of section 924(c)(3)(A). Because the "residual clause" has been ruled unconstitutionally vague, *see Sessions v. Dimaya*, ⎯ U.S. ⎯, 138 S.Ct. 1204 (2018), [12]

---

[12] Because section 16(b)'s residual clause is identical to the residual clause of section 924(c)(3)(B), the Tenth Circuit subsequently ruled that section 924(c)(3)(B) is likewise unconstitutionally vague. *United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018).

15

Petitioner's carjacking convictions only stand if it can be found that he was convicted under the "force" or "intimidation" clause of section 924(c)(3)(A).[13]

Even viewing Petitioner's argument this way, it still fails, as the Tenth Circuit and other Circuit Courts clearly hold that carjacking by force or intimidation categorically qualifies as a crime of violence under section 924's force clause. *See United States v. Brown*, 200 F.3d 700, 706 (10th Cir. 1999) ("The substantive offense of carjacking is always a crime of violence because § 2119 requires taking or attempting to take a vehicle by force and violence or by intimidation…"); *United States v. Kundo*, 743 F. App'x 201, 203 & n.3 (10th Cir. 2018) (reaffirming the holding in *Brown* after the Supreme Court's statement in *Johnson v. United States*, 559 U.S. 133, 140 (2010), about the level of "physical force" needed for a crime of violence). The weight of authority from other Circuits is consistent with the Tenth Circuit's holding that carjacking by intimidation, contrary to 18 U.S.C. § 924(c)(3)(A), constitutes a crime of violence.[14] As such, and notwithstanding the fact that the residual clause of section 924(c) has been found to be unconstitutionally vague, Petitioner's carjacking convictions by force or intimidation are very clearly a "crime of violence" which trigger the penalty provisions of section 924(c). The undersigned respectfully recommends that the District Judge deny Petitioner's fourth claim.

---

[13] Indeed, there can be little dispute that the jury in Petitioner's case actually found that Petitioner took the two vehicles in Counts 2 and 4 "by means of force and violence, or intimidation". *See* CR Doc. 102, Jury Instructions (Final), Instruction No. 14 (regarding Count 2, requiring jury to find unanimously that defendant took the 2002 Saturn "by means of force and violence, or intimidation"); Instruction No. 16 (regarding Count 4, requiring jury to unanimously find that the defendant took the 2008 Kia "by intimidation").

[14] *See e.g. Estell v. United States,* 924 F.3d 1291, 1293 (8th Cir. 2019); *United States v. Jackson*, 918 F.3d 467, 486 (6th Cir. 2019); *In Re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016); *United States v. Gutierrez*, 876 F.3d 1254, 1255-57 (9th Cir. 2017); *United States v. Jones*, 854 F.3d 737, 740-41 & n.2 (5th Cir. 2017); *United States v. Evans*, 848 F.3d 242, 246-48 (4th Cir. 2017).

Claim 5:   Whether Petitioner Is Entitled To Resentencing Pursuant To *United States v. Taylor* And *Savage v. United States*

Next, liberally construed, Petitioner's fifth claim argues that he is entitled to resentencing based on the Sixth Circuit's order in *Savage v. United States*, 2022 WL 17660329 (6th Cir. Dec. 8, 2022) (unreported) and the Supreme Court's opinion in *United States v. Taylor*, 142 S.Ct. 20-15 (2022). Petitioner argues that, based on these rulings, it is "unconstitutionally vague to add 10 or 20 years to a violent crime or 'crime of violence'." CV Doc. 9 at 6. Petitioner claims his sentence "should be ran concurrent based on new law and [the] 18 U.S.C. § 924(c) enhancement should be vacated…" *Id.* at 6. In short, Petitioner claims that stacking section 924(c) sentences is unconstitutional. CV Doc. 14 at 27.

Respondent argues that the Sixth Circuit's order in *Savage* has no bearing on the instant motion before the Court and does not stand for what Petitioner claims. CV Doc. 13 at 9. Respondent notes that the Sixth Circuit remanded the case to the district court because the district court had dismissed the defendant's motion "on initial review without a response from the government", and by doing so, the district court "did not have an opportunity to address the procedural issue now presented by the government." *Id.* (citing *Savage*, 2022 WL 17660329, at *2). Respondent fails to address *Taylor* and its impact, if any, on Petitioner's argument.

In *Savage*, the habeas petitioner claimed that his section 924(c) conviction is invalid because it is based on his *attempted*-robbery conviction, which may be committed without "the use, attempted use, or threatened use of physical force" and thus does not qualify as a crime of violence. 2022 WL 17660329, at *1. Before the government responded, however, the district court abated briefing pending ruling in *United States v. Taylor*, 142 S.Ct. 2015 (2022). As a result of *Taylor's* rule (that attempted Hobbs Act robbery is not a crime of violence and a § 924(c) conviction could not be based on it), the government in *Savage* conceded that the

17

defendant's attempted-robbery conviction cannot support his § 924(c) conviction because it can be committed without the "use, attempted use, or threatened use of force." *Id.* at *2. On appeal, the Sixth Circuit remanded to the district court for development and resolution of procedural issues raised by the parties. *Id.*

The Court's careful reading of *Savage* shows that the Sixth Circuit's order is inapposite to Petitioner's case. First, *Savage* does not represent or create "new law"; instead, *Savage* simply remands a challenge to a § 924(c) conviction that is based on a conviction of attempted robbery for development and resolution of a procedural issue. Furthermore, *Savage* holds no precedential value for the instant proceedings. For its part, the Supreme Court's recent opinion in *Taylor* establishes that a § 924(c) sentence enhancement—up to 10 years—cannot be based on a conviction of attempted Hobbs Act robbery. 142 S.Ct. at 2021 ("Simply put, no element of attempted Hobbs Act robbery requires proof that the defendant used, attempted to use, or threatened to use force."). But, because Petitioner's § 924(c) conviction was pegged to his conviction for carjacking of Count 2 of the Superseding Indictment (consummated, <u>not</u> attempted), *Taylor* provides Petitioner no relief. The undersigned recommends that the District Judge deny Petitioner's fifth claim.

Claim 6:   <u>Whether The Court Should Dismiss A Pending State Court Case That Charges Him With Burglary And Larceny</u>

Finally, Petitioner files a "Motion to Dismiss" and asks the Court to dismiss a pending state court charge. CV Doc. 10 at 1. Petitioner explains that he can't be transferred to a lower level security prison because this state court case is pending. *Id*. at 1-2. Petitioner requests that, if the state court case can't be dismissed, that the Court notify him of the paperwork that he must fill out or whom to contact. *Id*. at 2. Respondent submits that the federal court lacks jurisdiction

to dismiss a pending state court case, and therefore the claim should be rejected. CV Doc. 13 at 10.

To the extent this request is a claim, the undersigned agrees with Respondent that it must fail. The federal court has no authority to compel state courts to take action on matters pending before them, for such intervention would directly undercut the principle of state sovereignty that forms the bedrock of this country's federalist system. *See e.g. Printz v. United States*, 521 U.S. 898, 918-19 (1997) (discussing the Constitution's establishment of "dual sovereignty" in which States retained "a residual and inviolable sovereignty."). Justice O'Connor articulated this principle by noting that "[j]ust as the separation and independence of the coordinate branches of the Federal Government serve to prevent the accumulation of excessive power in any one branch, a healthy balance of power between the States and the Federal Government will reduce the risk of tyranny and abuse from either front." *Gregory v. Ashcroft*, 501 U.S. 452, 458 (1991). Simply put, dual sovereignty would be upended if one sovereign could dictate to another how the other should operate, including which cases the other's court system should or should not hear.

The Court applauds Petitioner's efforts at self-betterment, but is unable to take direct action on his request. The most the Court can do here is to suggest that Petitioner confer with a case manager or other suitable prison official to guide him on how to effectively communicate with the state court. Beyond that, the undersigned recommends that the District Judge deny Petitioner's request for assistance with a pending state court matter.

**CONCLUSION**

The record in this case conclusively shows that an evidentiary hearing is not necessary, and after carefully considering each of the claims presented, I conclude that Petitioner is not entitled to relief under 28 U.S.C. § 2255. Therefore, I recommend that the District Judge DENY

and DISMISS WITH PREJUDICE Petitioner's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence." Petitioner's other submissions which generally serve to supplement or reargue the points he makes in his § 2255 motion, *see* CV Docs. 1, 9, 10, 12, 14, 15, 16, 17, 19, should also be DENIED AS MOOT. Similarly, the undersigned recommends that Petitioner's "Motion for a Lawyer", CV Doc. 18, should be DENIED as not well-taken.

Finally, the issuance of a Certificate of Appealability is jurisdictional, *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003), and one can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because I see no violation of Petitioner's constitutional rights, I also recommend that the Court NOT issue a COA.

_____
JOHN F. ROBBENHAAR
U.S. Magistrate Judge

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**